DANIEL PARKER JETT, CA Bar No. 178070
daniel.jett@jettlaw.com
THE JETT LAW FIRM, APC
2596 Mission Street, Suite 200
San Marino, California 91108
Telephone: (626) 399-0857
Facsimile: (626) 628-3986

Attorneys for Plaintiff
PAMELA J. MAINO

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

PAMELA J. MAINO, an individual,

Plaintiff,

vs.

ALEXION PHARMACEUTICALS, INC., a Delaware corporation,

Defendants.

Case No.

**PLAINTIFF PAMELA MAINO'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

(1) DISABILITY DISCRIMINATION IN VIOLATION OF FEHA [*Gov. Code,* § 12940(a)]
(2) FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA [*Gov. Code,* § 12940(m)]
(3) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF FEHA [*Gov. Code,* § 12940(n)]
(4) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
(5) FAILURE TO TIMELY PRODUCE PERSONNEL RECORDS [*Lab. Code,* § 1198.5]
(6) UNFAIR BUSINESS PRACTICES [*Bus. & Prof. Code,* §§ 17200, *et seq.*]

**DEMAND FOR TRIAL BY JURY**

Plaintiff PAMELA J. MAINO ("Plaintiff"), by and through her counsel of record herein, alleges and complains as follows:

**Parties**

1. Plaintiff is an individual and, at all relevant times herein, has been a citizen of the State of California, residing in the City of Newport Beach, County of Orange, State of California.

2. Plaintiff is informed and believes, and thereon alleges that, at all relevant times, Defendant ALEXION PHARMACEUTICALS, INC. ("ALEXION" or "Defendant") is a corporation organized under the laws of the State of Delaware and maintains its corporate headquarters in the City of New Haven, State of Connecticut.

**Venue**

**3.** Venue is proper in the Southern Division of the Central District of California, and within the County of Orange, because Plaintiff's injuries occurred within the County of Orange, as her employment occurred within the County of Orange.

**Diversity Jurisdiction**

4. Jurisdiction before this Court is proper under the doctrine of diversity pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of, and resides within, the Commonwealth of Virginia. Plaintiff is informed and believes, and thereon alleges, that Defendant resides in, and is a citizen of, California. Accordingly, complete diversity between the parties exists.

**General Allegations**

5. Plaintiff commenced her employment with Defendant as a Regional Clinical Specialist ("RCS") on or about August 22, 2016.

6. On or about October 20, 2016, Plaintiff suffered a back injury while attending corporate training at Defendant's Connecticut headquarters. Plaintiff's back injury rendered her disabled from October 20, 2016, through on or about June

23, 2017.  In addition, Plaintiff was totally disabled from October 20, 2016, through at least March 31, 2017.  On December 21, 2016, Plaintiff underwent surgery to fuse her spine and repair her back.

7.     Plaintiff requested, and Alexion granted, a leave of absence starting on or about October 26, 2016.

8.     On or about February 8, 2017, Michael Barr ("Barr"), a Human Resources executive at Defendant, contacted Plaintiff requesting an update on her condition and seeking Plaintiff's estimated date to return to work.  Shortly thereafter, Plaintiff's surgeon, Dr. Jon White ("White"), communicated to Defendant's agent, The Hartford Insurance Companies ("Hartford") (third-party administrator for Defendant's disability benefits plans), that Plaintiff required a four-month extension on her leave of absence, specifying that she would return to work without restriction on June 26, 2017.

9.     On or about February 13, 2017, Plaintiff requested an accommodation in the form of a graduated return to work through her supervisor, Darah Biddle. Plaintiff is informed and believes, and thereon alleges, that Mr. Biddle attempted to communicate with members of Defendant's Human Resources Department regarding Plaintiff's request for accommodation, but received no response.

10.     On February 22, 2017, Defendant denied Plaintiff's request for supplemental leave and terminated Plaintiff's employment effective February 24, 2017, on grounds that Plaintiff's request for an extended leave of absence was "an unreasonable burden" for Defendant to hold Plaintiff's position open until June 2017.

11.     On or about June 23, 2017, Dr. White cleared Plaintiff to return to work without restriction.

12.     As of June 26, 2017, Defendant had not filled Plaintiff's RCS/Medical Science Liaison position and had made no efforts to do so in the interim period between February 24, 2017, and June 26, 2017.

13. Plaintiff has made substantial efforts to obtain suitable new employment to date, but has not been able to obtain gainful employment in her chosen profession. Since February 24, 2017, Plaintiff has incurred lost wages at the rate of $13,750.00 per month, plus bonus compensation and the value of the fringe benefits provided to her as an employee of Defendant, in a total amount to be proven at the trial herein.

14. Plaintiff suffered, continues to suffer presently, and believes that she will continue to suffer in the future, severe emotional distress as a proximate result of the unlawful conduct and discriminatory and retaliatory acts of Defendant.

15. Plaintiff has incurred expenses relating to her healthcare and psychological treatment resulting from Defendant's misconduct, retaliation for taking a protected leave of absence, discrimination in employment based on her disability and wrongful termination. The amount of Plaintiff's healthcare expenses incurred as a proximate result of Defendant's unlawful acts shall be proved at the time of trial herein.

16. Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act ("FEHA") [Cal. Gov. Code, §§ 12900, *et seq.*] by filing an administrative complaint with the California Department of Fair Employment and Housing ("DFEH") and obtaining a right to sue letter from DFEH. Attached hereto as Appendix "A" is a true and correct copy of Plaintiff's DFEH Complaint, dated August 11, 2017. Attached hereto as Appendix "B" is a true and correct copy of Plaintiff's right to sue letter, issued by DFEH, dated August 11, 2017.

**FIRST CAUSE OF ACTION**
**Disability Discrimination In Violation of FEHA**
**[Gov. Code, § 12940(a)]**
**Against All Defendants**

17. Plaintiff references and incorporates her allegations in Paragraph 1 through 16, hereinabove.

18.    FEHA prohibits employers from discriminating against employees who hold or are perceived to hold any protected status, including any physical or mental disability.

19.    At all times relevant herein, Defendant has been a covered employer within the meaning of FEHA.

20.    Plaintiff was totally disabled from October 20, 2016, through at least March 31, 2017, and at least partially disabled through and including June 23, 2017.  Plaintiff was a qualified individual who could perform the essential duties of her RCS position, and any subsequently created Medical Science Liaison position, with accommodations.

21.    Plaintiff requested reasonable accommodations from Defendant in the form of an unpaid leave of absence from October 26, 2016, through February 9, 2017, and from February 9, 2017, through June 23, 2017, returning to work on June 26, 2017.  Plaintiff also made other requests for reasonable accommodations in the form of a gradual or incremental return to work to Defendant through her supervisor, Mr. Biddle.

22.    Immediately following Plaintiff's request for an extension on her unpaid leave of absence in February 2017, Defendant terminated Plaintiff's employment effective February 24, 2017, because of her physical disability despite the fact that Plaintiff was a qualified individual.

23.    As a proximate result of Defendant's actions, Plaintiff has suffered damages in the form of lost wages and benefits since the date of her termination and/or her requested date for reinstatement in an amount according to proof at the trial herein.

24.    As a proximate result of Defendant's actions, Plaintiff incurred expenses relating to her psychological treatment, in an amount according to proof to be presented at trial herein.

/ / /

25. As a proximate result of Defendant's actions, Plaintiff suffered and continues to suffer, and likely will suffer into the future, severe emotional distress, in an amount according to proof to be presented at trial herein.

26. As a proximate result of Defendant's actions, Plaintiff was forced to engage legal counsel to prosecute these claims on her behalf. Plaintiff is entitled to recover her reason attorney's fees and costs of suit pursuant to Government Code section 12965.

27. At all times relevant herein, Barr was employed as an officer and managing agent of Defendant. Based on the foregoing conduct, Defendant acted with fraud, malice and oppression towards Plaintiff, or acted at least with conscious disregard for the rights of Plaintiff by refusing to consider Plaintiff's reasonable requests for accommodation and reinstatement. As a punishment of or deterrent against future bad conduct of a similar nature by Defendant, punitive or exemplary damages should be imposed against Defendant and awarded to Plaintiff, pursuant to California Civil Code section 3294.

**SECOND CAUSE OF ACTION**
**Failure To Accommodate Disability In Violation of FEHA**
**[Cal. Gov. Code, §§ 12926, subd. (g); 12940, subd. (m)]**
**Against All Defendants**

28. Plaintiff references and incorporates her allegations in Paragraph 1 through 27, hereinabove.

29. In good faith, Plaintiff requested accommodation in the form of a four-month extension on her unpaid leave of absence, from February 9, 2017, through and including June 23, 2017, with a return to work date stated by her physician, Dr. White, as June 26, 2017.

30. In good faith, Plaintiff also conferred with her direct supervisor, Mr. Biddle, and asked whether it would be possible for her to return to work gradually or incrementally, taking on a partial workload until she was at full strength.

/ / /

31. Defendant rejected Plaintiff's requests for accommodation out of hand without considering whether the requested accommodations were reasonable or feasible. On February 22, 2017, Defendant terminated Plaintiff's employment, effective February 24, 2017.

32. As a proximate result of Defendant's actions, Plaintiff has been damaged in the amount of income she would have earned had she remained employed with Defendant through the present and into the future, in an amount according to proof to be presented at trial herein.

33. As a proximate result of Defendant's actions, Plaintiff suffered and continues to suffer, and likely will suffer into the future, substantial emotional distress, in an amount according to proof to be presented at trial herein.

34. Plaintiff has also incurred expenses relating to her psychological treatment to overcome her severe emotional distress in an amount to proven at the trial herein.

35. At all times relevant herein, Barr was employed as an officer and managing agent of Defendant. Based on the foregoing conduct, Defendant acted with fraud, malice and oppression towards Plaintiff, or acted at least with conscious disregard for the rights of Plaintiff by discriminating against her based on her disability, refusing to accommodate her disability or otherwise reinstate her upon completion of her treatment, and refusing to engage in the interactive process as required by law. As a punishment of or deterrent against future bad conduct of a similar nature by Defendant, punitive or exemplary damages should be imposed against Defendant and awarded to Plaintiff, pursuant to California Civil Code section 3294.

/ / /

/ / /

/ / /

/ / /

**THIRD CAUSE OF ACTION**

**Failure To Engage In The Interactive Process In Violation of FEHA**

**[*Gov. Code*, § 12940, subd. (n)]**

**Against All Defendants**

36. Plaintiff references and incorporates her allegations in Paragraph 1 through 35, hereinabove.

37. Government Code section 12940, subdivision (n), prohibits as an unlawful employment practice an employer's failure "to engage in a timely, good, faith, interactive process with an employee or applicant to determine reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability…."

38. From August 20, 2016, through February 24, 2017, Defendant employed Plaintiff as its RCS in Southern California.

39. On or about February 9, 2017, Plaintiff requested accommodations from Defendant pertaining to her total disability due to back injury, seeking an extension on her unpaid leave from February 9, 2017, until June 26, 2017. Plaintiff also requested a gradual or incremental return to work prior to June 26, 2017.

40. Defendant rejected Plaintiff's requests for accommodation without engaging in the interactive process to determine whether these accommodations were reasonable as requested or whether any other compromise accommodations could be reached.

41. Contemporaneously with the rejection of Plaintiff's requested accommodations, Defendant terminated Plaintiff's employment effective February 24, 2017.

42. On or about June 23, 2017, Plaintiff was examined by her physician, Dr. White, and cleared to return to work without restriction on June 26, 2017, consistent with her request for accommodation.

/ / /

43. Between February 24, 2017, and June 26, 2017, Defendant took no steps to seek a replacement for Plaintiff in the position of RCS/MSL, contrary to Defendant's written justification that awaiting Plaintiff's return to duty would be an "undue burden."

44. As a proximate result of Defendant's actions, Plaintiff has been damaged in the amount of income she would have earned had he remained employed with Defendant through the present and into the future, in an amount according to proof to be presented at trial herein.

45. As a proximate result of Defendant's actions, Plaintiff suffered and continues to suffer, and likely will suffer into the future, substantial emotional distress, in an amount according to proof to be presented at trial herein.

46. Plaintiff has also incurred expenses relating to her psychological treatment to overcome her substantial emotional distress in an amount to proven at the trial herein.

47. Because of her extended unemployment from February 24, 2017, through the present, and into the future, Plaintiff was forced to withdraw retirement savings to pay her living expenses, including the payment of excise taxes, in an amount according to proof at trial.

48. Defendant's officers, directors and managing agents, including but not limited to Barr, acting on behalf of Defendant, acted with malice, oppression or fraud towards Plaintiff, or ratified Barr's conduct after the fact. Plaintiff is entitled to an award of punitive or exemplary damages from Defendant pursuant to Civil Code section 3294 in an amount according to proof at trial.

49. Plaintiff has been required to retain legal counsel for the purpose of filing suit to obtain relief from Defendant's unlawful conduct. Pursuant to Government Code section 12965, Plaintiff is entitled to recover her reasonable attorney's and costs of suit for bringing this action to recover damages.

/ / /

**FOURTH CAUSE OF ACTION**
**Wrongful Termination In Violation of Public Policy**
**[Gov. Code, § 12940(a), (h), (k), (m), (n)]**
**Against All Defendants**

50. Plaintiff references and incorporates her allegations in Paragraph 1 through 49, hereinabove.

51. Government Code section 12940, subdivision (a), prohibits discrimination on the basis of physical disability, or the perception of that protected status. Section 12940, subdivision (h), prohibits retaliation against employees who assert their right to accommodation of a disability under FEHA. Section 12940, subdivision (k), makes unlawful the employer's failure to take all reasonable steps necessary to prevent discrimination in employment. Section 12940, subdivision (m), makes unlawful the employer's failure to provide a reasonable accommodation of a physical disability, and Section 12940, subdivision (n), prohibits the employer from failing to engage in the interactive process to accommodate disabilities.

52. Defendant's termination of Plaintiff's employment contravened these important public policies because Barr and other key agents of Defendant were substantially motivated by discriminatory animus to terminate Plaintiff's employment on the basis of her disability. Plaintiff's termination was a direct result of Defendant's violations of its obligations to engage in the interactive process, accommodate her disability and reinstate her to her position as RCS/MSL upon clearance by her doctor. Defendant took no steps to investigate the reasonableness of Plaintiff's requested accommodations, nor to engage Plaintiff in the interactive process, and Defendant terminated Plaintiff specifically because of her physical disability. Defendant falsely claimed that waiting for Plaintiff to return to duty on June 26, 2017, amounted to an undue burden on its business, then failed to undertake any efforts to fill her position between February 24, 2017, and June 26, 2017.

53. As a proximate result of Defendant's actions, Plaintiff has been damaged in the amount of income she would have earned had she remained employed with Defendant through the present and into the future, in an amount according to proof to be presented at trial herein.

54. As a proximate result of Defendant's actions, Plaintiff suffered and continues to suffer, and likely will suffer into the future, severe emotional distress, in an amount according to proof to be presented at trial herein.

55. Plaintiff has also incurred expenses relating to her psychological treatment to overcome her severe emotional distress in an amount to proven at the trial herein.

56. Defendant's officers, directors and managing agents, including but not limited to Barr and others, acting on behalf of Defendant, acted with malice, oppression or fraud towards Plaintiff, or ratified Barr's conduct after the fact. Plaintiff is entitled to an award of punitive or exemplary damages from Defendant pursuant to California Civil Code section 3294 in an amount according to proof at the trial herein.

## FIFTH CAUSE OF ACTION

**Failure To Timely Produce Personnel Records Upon Lawful Demand**

**[*Lab. Code*, § 1198.5]**

**Against All Defendants**

57. Plaintiff references and incorporates her allegations in Paragraph 1 through 57, hereinabove.

58. On April 28, 2017, Plaintiff submitted to Cusack on behalf of Defendant a written demand that Defendant produce a copy of Plaintiff's complete personnel file within 30 days pursuant to Labor Code section 1198.5. Attached hereto as Appendix "C" is a true and correct copy of Plaintiff's letter to Barr and Defendant, dated April 27, 2015, demanding production of a complete copy of her personnel filed by May 27, 2017.

/ / /

59. On or about June 19, 2017, Plaintiff's legal counsel received records purporting to be Plaintiff's personnel file. Plaintiff is informed and believes, and thereon alleges, that Defendant did not produce all records subject to its possession, custody or control that should be included in Plaintiff's personnel file as defined by Labor Code section 1198.5.

60. As of the date of this pleading, Defendant still has not produced the entirety of Plaintiff's personnel file.

61. Accordingly, Plaintiff is entitled to recovery of a civil penalty in the amount of $750.00 pursuant to Labor Code section 1198.5, subdivision (k).

62. Pursuant to Labor Code section 1198.5, subdivision (*l*), Plaintiff is entitled to injunctive relief to obtain a complete copy of his personnel records.

63. Plaintiff was forced to retain legal counsel for the purpose of filing suit to obtain a complete copy of Plaintiff's personnel records. Plaintiff is entitled to recover her reasonable attorney's and costs of suit for bringing this action to recover her personnel records and the civil penalty.

**SIXTH CAUSE OF ACTION**
**Unfair Business Practices**
**[Cal. Bus. & Prof. Code, §§ 17200, et seq.]**
**Against All Defendants**

64. Plaintiff references and incorporates her allegations in Paragraph 1 through 63, hereinabove.

65. Defendant has engaged in, and continues to engage in, the following unfair or unlawful business practices through its managing agents, including but not limited to its officers and managing agents such as Barr and others, by:

a. Discriminating against Plaintiff because of her disability;

b. Refusing to engage in the interactive process required by FEHA and the Americans With Disabilities Act ("ADA");

c. Refusing to consider and/or grant Plaintiff's requests for reasonable accommodations;

       d. Refusing to reinstate Plaintiff to her RCS/MSL position once her physician cleared her to return to work without restriction;

e. Failing and refusing to produce Plaintiff's complete personnel records pursuant to California Labor Code section 1198.5.

66. Pursuant to Business and Professions Code section 17203, Plaintiff requests relief in the form an injunction requiring Defendant to (1) reinstate Plaintiff to her RCS/Medical Science Liaison position, effective June 26, 2017, with all back pay and retroactive and prospective merit increases in compensation; (2) provide Plaintiff with any further reasonable accommodations as may be prescribed by Plaintiff's physicians from time to time, including prior to her reinstatement with Defendant; (3) produce Plaintiff's complete personnel file as required under California Labor Code section 1198.5.

67. For conferring a public benefit in ensuring Defendant's compliance with applicable laws prohibiting the exploitation of workers, Plaintiff is entitled to recover her reasonable attorney's fees and costs of suit for obtaining this relief pursuant to the provisions of Code of Civil Procedure section 1021.5.

68. Plaintiff seeks any additional relief as the Court sees fit to issue to remedy the continuing nature of Defendant's unfair and unlawful business practices.

## PRAYER FOR RELIEF

Based on the foregoing allegations, Plaintiff prays for relief against Defendants, and each of them, as follows:

1. For money damages representing Plaintiff's lost wages from the date of termination through the date of trial, in an amount to be proven at the trial herein.

2. For money damages representing future lost earnings in an amount to be proven at the trial herein.

/ / /

3. For money damages representing compensation for the emotional distress caused to Plaintiff by Defendant's tortious conduct in an amount to be proven at the trial herein.

4. For reimbursement of Plaintiff's medical or psychological expenses incurred in treating the emotional distress caused by Defendant's tortious conduct, in an amount to be proven at trial herein.

5. For a civil penalty in the amount of $750.00 for Defendant's failure to timely produce copies of Plaintiff's complete personnel files, per Labor Code section 1198.5.

6. For punitive or exemplary damages pursuant to Civil Code section 3294 in an amount to be proven at trial.

7. For an Order of the Court directing Defendant to turn over Plaintiff's personnel records in their entirety in compliance with Labor Code section 1198.5.

8. For an Order of the Court directing Defendant to reinstate Plaintiff to her position as RCS/Medical Science Liaison pursuant to FEHA.

9. For pre-judgment interest on the principal amount of back wages and unpaid wages calculated to be owed in amounts according to law.

10. For Plaintiff's attorneys' fees in an amount according to proof pursuant to Government Code section 12965, Business & Professions Code section 17203 and Code of Civil Procedure section 1021.5, and Labor Code section 1198.5.

11. For Plaintiff's costs of suit in an amount according to proof.

12. For any additional relief the Court deems appropriate.

DATED: September __4__, 2017

**THE JETT LAW FIRM, APC**

By: _____/s/_________________
Daniel Parker Jett

Attorneys for Plaintiff
PAMELA MAINO

/ / /

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial of her claims by jury.

DATED: September __4_, 2017

**THE JETT LAW FIRM, APC**

By: _____/s/____________________
Daniel Parker Jett

Attorneys for Plaintiff
PAMELA MAINO

3

PLAINTIFF PAMELA MAINO'S COMPLAINT FOR DAMAGES; DEMAND FOR TRIAL BY JURY

# APPENDIX "A"

1  **COMPLAINT OF EMPLOYMENT DISCRIMINATION**

2  **BEFORE THE STATE OF CALIFORNIA**

3  **DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
   **Under the California Fair Employment and Housing Act**
4  **(Gov. Code, § 12900 et seq.)**

5

6  In the Matter of the Complaint of          DFEH No. 946485-304970
   Pamela Maino, Complainant.
7  !          REDACTED
   I
8

9  vs.

10  Michael Barr  Alexion Pharmaceuticals, Inc.,
    Respondent.
11  100 College Street
    New Haven,  California 06510
12

13

14  Complainant alleges:

15  1. Respondent **Alexion Pharmaceuticals, Inc.** is a **Private Employer** subject to
    suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, §
16  12900 et seq.).  Complainant believes respondent is subject to the FEHA.

17  2. On or around **February 22, 2017**, complainant alleges that respondent took the
    following adverse actions against complainant: **Discrimination, Retaliation Denied**
18  **a good faith interactive process, Denied a work environment free of**
    **discrimination and/or retaliation, Denied reasonable accommodation, Denied**
19  **reinstatement, Terminated,** .  Complainant believes respondent committed these
    actions because of their: **Disability, Family Care or Medical Leave** .
20

21  3. Complainant **Pamela Maino** resides in the City of **Newport Beach**, State of
    **California**.  If complaint includes co-respondents please see below.
22

Date Filed: August 11, 2017

**Additional Complaint Details:**

Ms. Maino accepted an offer of employment from Alexion and on August 22, 2016, commenced employment as a Regional Clinical Specialist ("RCS") after relocating from New York. While attending corporate training at Alexion`s Connecticut headquarters, on October 20, 2016, Ms. Maino suffered a back injury that rendered her disabled from October 20, 2016, through on or about June 23, 2017. Ms. Maino was totally disabled from October 20, 2016, through at least March 31, 2017. On December 21, 2016, Maino underwent surgery to fuse her spine and repair her back. Alexion granted Plaintiff`s request for an unpaid leave of absence starting on or about October 26, 2016. On or about February 8, 2017, Michael Barr, a Human Resources executive at Alexion, contacted Maino to request an update on her condition and seek Maino`s estimated date to return to work. Soon thereafter, Maino`s surgeon, Dr. Jon White, communicated to Alexion`s agent, The Hartford Insurance Companies (the third party administrator for Alexion`s disability benefits plans), that Ms. Maino required a four-month extension on her leave of absence, specifying that she would return to work without restriction on June 26, 2017. On or about February 13, 2017, Ms. Maino requested an accommodation in the form of a graduated return to work through her supervisor, Darah Biddle. Mr. Biddle attempted to communicate with Alexion HR regarding Ms. Maino`s request for accommodation, but received no response. On February 22, 2017, Alexion denied Ms. Maino`s request for supplemental leave and terminated Ms. Maino`s employment effective February 24, 2017, on grounds that her request for an extended leave of absence was "an unreasonable burden" for Alexion to hold her position open until June. By June 26, 2017, Ms. Maino was cleared to return to work without restriction, and Alexion had not filled her RCS/Medical Science Liaison position for the Southwestern region. Ms. Maino has not been able to obtain suitable new employment to date and she continues to incur lost wages and benefits, emotional distress and attorney`s fees.

VERIFICATION

I, **Daniel Parker Jett**, am the Attorney for Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On August 11, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Marino, California**
**Daniel Parker Jett**

# APPENDIX "B"



STATE OF CALIFORNIA | Business Consumer Services and Housing Agency GOVERNOR EDMUND G BROWN JR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** DIRECTOR KEV N KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

August 11, 2017

Pamela Maino
REDACTED

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 946485-304970
Right to Sue: Maino / Michael Barr Alexion Pharmaceuticals, Inc.

Dear Pamela Maino,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 11, 2017 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business Consumer Services and Housing Agency GOVERNOR EDMUND G BROWN JR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** DIRECTOR KEV N KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

cc:

# APPENDIX "C"

THE JETT LAW FIRM, APC
2596 MISSION STREET, SUITE 200
SAN MARINO, CALIFORNIA 91108
TEL. (626) 399-0857
FAX (626) 628-3986
WWW.JETTLAW.COM

DANIEL PARKER JETT
DANIEL.JETT@JETTLAW.COM

April 27, 2017

**VIA ELECTRONIC FACSIMILE AND FIRST CLASS MAIL**

***PERSONAL AND CONFIDENTIAL***

Mr. Michael Barr
Director, Human Resources
Alexion Pharmaceuticals, Inc.
352 Knotter Drive
Cheshire, Connecticut 06410-1138

Re: *Alexion Pharmaceuticals Employee, Pamela J. Maino*
Request for Personnel and Payroll Records

Dear Mr. Barr:

This firm is legal counsel for Pamela Maino, a former employee of Alexion Pharmaceuticals. Enclosed please find Ms. Maino's signed and dated authorization for this firm to act on her behalf. Please direct all future communications to the undersigned.

On behalf of Ms. Maino, we request a complete copy of Ms. Maino's entire personnel file pursuant to California Labor Code sections 432 and 1198.5, subdivisions (a), (b)(1) and (c)(3)(A). Pursuant to the terms of that statute, we request that the complete copy be delivered to the undersigned within 30 days of the date of this letter, on or before May 27, 2017.

In addition, pursuant to Labor Code section 226, subdivisions (b) and (c), we request copies of all Ms. Maino's time records and payroll records for the duration of her employment, from August 2016 through February 2017. Pursuant to statute, these records should be produced to the undersigned by May 18, 2017.

We also respectfully request that Alexion Pharmaceuticals preserve all records containing any reference to Ms. Maino or having any impact or reflection upon her employment status, hiring, leaves of absence, requests for accommodation, and termination, including but not limited to any and all electronically stored information such as e-mail, intra-office instant messaging, data bases, other electronic documents and records, and Ms. Maino's work computer's hard drive and e-mail folders. This request is made in order to preserve evidence in the event that litigation becomes necessary.

Mr. Michael Barr
April 27, 2017
Page 2

      Please do not hesitate to contact the undersigned with any questions.

                            Sincerely,

                            Daniel Parker Jett

DPJ:
Enclosure

**AUTHORIZATION TO OBTAIN PERSONNEL, PAYROLL & TIME RECORDS**

I hereby authorize **The Jett Law Firm, APC,** and my lawyer, **Daniel Parker Jett,** to obtain any and all personnel records, payroll records and timekeeping records that were and are maintained in the normal course of business while I was employed with **Alexion Pharmaceuticals,** between August 22, 2016, and the date of production.

Please cooperate with Mr. Jett and provide him any records he requires.

**Pamela J. Maino**
REDACTED

**DOB** REDACTED
**SSN XXX-XX-** REDACTED

4/25/2017
**Date**